**LOGAN NOBLIN**
California State Bar No. 310441
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Logan_Noblin@fd.org

Attorneys for Defendant Enoch Perez-Perez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>ENOCH PEREZ-PEREZ,<br><br>                    Defendant. | CASE NO.: 3:22-CR-01019-GPC<br><br>Hon. Gonzalo P. Curiel<br>Date: May 24, 2022<br>Time: 1:30 PM<br><br>Mr. Perez-Perez's<br>Sentencing Memorandum |

**I.    Introduction**

For the following reasons, the defense respectfully requests the Court sentence Mr. Perez-Perez to 48 days of custody with credit for time-served.

**II.   Mr. Perez-Perez's background**

Mr. Perez-Perez (34) has spent his entire life in the humble pueblo of Ocozocoautla de Espinosa in the state of Chiapas, Mexico. He lives with his wife, Florencia Hernandez-Gomez (33), and their three children – Henry (12), Eric (10), and Evelyn (3) – as well as his parents, Josefa Perez-Hernandez (55) and Jose Perez-Gomez (56).

Mr. Perez-Perez has worked harvesting crops in the fields of Chiapas with his father for his entire adult life. It is back-breaking labor with astonishingly little pay. Mr. Perez-Perez makes just $100 Mexican pesos per day – the equivalent of less than

$5 U.S. dollars. As Mr. Perez-Perez's family grew, his financial responsibilities grew, as well. $100 pesos was insufficient to put food on his and his wife's plates. With the addition of three children, the situation became untenable.

Desperate to provide for his wife and children, Mr. Perez-Perez left Chiapas in 2019 for the first time in his life. He traveled over 2,000 miles alone from Ocozocoautla to the United States border in search of honest work that would allow him to provide for his family. Mr. Perez-Perez has been deported twice, most recently in December of 2019. He has never spent time inside the United States. He has never been convicted of a crime.

### III.   The §18 U.S.C. 3553 factors support a time-served sentence

Mr. Perez-Perez's first and only exposure to BOP custody has been revelatory. He is distraught that his family is suffering because he has been unable to work and send money to support them for nearly two months. It has been agonizing being unable to communicate with them, even to let them know that he is safe. He understands now that returning to the U.S. illegally could result in a lengthy custodial term that will only deepen his family's financial woes. The objectives of just punishment and deterrence have been met, as his only desire now is to return to Chiapas to continue providing for his wife and children as best as he can.

Mr. Perez-Perez has no criminal history and no history of substance abuse or mental illness. A time-served sentence is consistent with sentences given first-time misdemeanants in this district. Mr. Perez-Perez is not a recidivist criminal in need of additional custody. He is a hardworking father and husband who committed the instant offense only in a misguided effort to provide a better life for his family, and the past 48 days of custody have been sufficient to send the message that he cannot attempt to return to the U.S. without permission again.

//

## IV. Conclusion

Based on the foregoing, the defense respectfully requests that the Court sentence Mr. Perez-Perez to 48 days in custody with credit for time-served and no supervised release to follow.

Respectfully submitted,

Dated: May 16, 2022

*s/ Logan Noblin*
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Perez-Perez
Email: Logan_Noblin@fd.org